Donald Everett **DEBOUSE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17512.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1973.

██ 

Curtis A. Parks, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Judge:

This is an appeal from the District Court of Tulsa County, Case No. CRF–71–1671, wherein Donald Everett Debouse, hereinafter referred to as defendant, was charged, tried, and convicted for the offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony, and his punishment was fixed at seven (7) years imprisonment in the state penitentiary in accordance with the verdict of the jury. From this judgment and sentence a timely appeal has been perfected to this Court.

Defendant urges that the evidence was wholly insufficient to support the verdict of the jury, and the court erred in failing to sustain a Demurrer to the evidence.

Briefly stated, the facts are that in the forenoon of September 8, 1971, a 1972 white over red Buick Skylark, Serial No. 4H37H2H100299 was missing from the Chick Norton Buick Company located in Tulsa, Oklahoma, and no person had been given permission to remove the vehicle from the premises. The police were notified of its disappearance and two days thereafter, on the 10th day of September, 1971, while driving to his dentist, an employee of the Chick Norton Buick Company observed the vehicle being driven in the vicinity of Utica Square Medical Center. At the time he observed said vehicle, he secured the license plate number and shortly thereafter he provided this information to the police. Later that day he was called to the Tulsa Wrecker Service at East Fourth Place in Tulsa where he observed and recovered the automobile bearing the same serial number as the one taken from Chick Norton Buick Company on the 8th day of September, 1971.

Officer Hunter, after receiving the information from the Norton employee, followed a 1972 white over red Buick Skylark with license plate no. ZL–8888, to a car wash at 775 South Utica. In the meantime he had radioed for a backup car which arrived at the same time and blocked the exit to the car wash. He identified the defendant as being the driver of said vehicle and after giving the defendant his Miranda warnings, the defendant stated he had borrowed the car.

Upon recovering the vehicle the officers found a safety inspection sticker bearing number 1240252 on the windshield, said sticker having been issued to one Don Checo.

Mr. Flagg, a lessee at a Skelly Service Station located at ʹ Pine and Cincinnati Streets in Tulsa, testified that on September 9, 1971, he inspected the car in question and issued a safety inspection sticker to the defendant under his nickname, "Don Checo." He testified that on that occasion he congratulated the defendant on his having a new car.

The sole witness for the defense was Larry Darnell Robinson, who testified that in the early part of September, 1971, after having secured the keys to the automobile in question, he went to Country Club Drive, picked up the car and drove it to the home of the defendant and delivered the keys to him. He testified that Robert Earl Smith had advised him that he had "soaked" the car to the defendant for $250.00.

The jury found the defendant guilty in the first stage and thereafter the State established the defendant's prior conviction which occurred on June 1, 1967 in Lubbock County, Texas, wherein he was found guilty by a jury, while represented by hired counsel, and sentenced to serve a term of five (5) years imprisonment for the crime of Robbery by Firearms.

██ It is apparent from the foregoing statement of facts adduced on the trial that the evidence of guilt was overwhelming

and that this assignment of error is without merit.

We have examined the other errors alleged in the Petition in Error and find that they are wholly without merit and not supported by citations of authority. We have repeatedly held that it is necessary for counsel for appellant not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. See Smith v. State, Okl. Cr., 407 P.2d 207.

The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.